United States District Court
Southern District of Texas
**ENTERED**
January 13, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARRETT GABLE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2927 |
| | § | |
| NIKOU GROUP INVESTMENTS, | § | |
| INC., *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss First Amended Counterclaim ("Motion to Dismiss") [Doc. # 22] filed by Plaintiff Garrett Gable, to which Defendants Nikou Group Investments, Inc. and Reza M. Nikou filed a Response [Doc. # 26], and Plaintiff filed a Reply [Doc. # 28]. Having reviewed the record and the applicable legal authorities, the Court **grants** the Motion to Dismiss and **dismisses** Defendants' First Amended Counterclaim [Doc. # 18].

Plaintiff purchased a vehicle from Defendants, which Plaintiff alleges had a false odometer reading. Plaintiff filed this lawsuit asserting claims under the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 37201. Plaintiff also asserted a breach of express warranty claim and a claim under the Texas Deceptive Trade Practices Act.

Case 4:16-cv-02927  Document 30  Filed in TXSD on 01/13/17  Page 2 of 4

It is Defendants' position that it advised Plaintiff that the odometer reading may not be accurate and the vehicle was reported as having some frame damage. Defendants state that Plaintiff traveled to Houston to inspect the vehicle prior to purchase. Defendants state that the contract of sale, the "window form," and/or the "Buyer's Guide" stated that the vehicle was sold "as is." Defendants state that Mr. Nikou wrote on two pages of the "Buyer's Guide" that there was a mileage discrepancy and may not reflect the actual miles. Plaintiff purchased the vehicle and drove it back to his home in Ohio.

Plaintiff filed this lawsuit in September 2016, more than three years after purchasing the vehicle. Plaintiff alleges that the "Buyer's Guide" did not have the handwritten notes when it was given to him. Defendants filed their First Amended Counterclaim under the Federal Declaratory Judgments Act ("DJA"), seeking a declaration by the Court regarding numerous factual issues. Plaintiff filed his Motion to Dismiss, which has been fully briefed and is ripe for decision.

The DJA authorizes a United States court to "declare the rights and other legal relations of any interested party seeking such declaration" within its jurisdiction. *See* 28 U.S.C. § 2201. The Court has broad discretion to grant or decline declaratory judgment. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991); *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, 2016 WL 7378937, *17 (N.D. Tex. Dec. 20,

P:\ORDERS\11-2016\2927MDCclaim.wpd  170113.0757

2

2016).  Indeed, the Supreme Court has characterized the DJA as "an authorization, not a command."  *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).  It permits federal courts to declare a party's rights, but does not impose a duty to do so.  *See id.*   District courts may exercise their discretion to decline to adjudicate declaratory judgment actions that are duplicative of other claims in the same case.  *See Everett*, 2016 WL 7378937 at *18 (and cases cited therein); *Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC*, 2014 WL 3543720, *4 (S.D. Tex. July 14, 2014) (and cases cited therein).

Defendants do not seek a declaration of any "rights or other legal relations."  Instead, Defendants ask the Court to make findings on disputed factual issues that are relevant to Plaintiff's claims in this lawsuit and to Defendants' defense of those claims.  As a result, Defendants have failed to state a proper claim for declaratory relief under the DJA.  Because Defendants' DJA counterclaim is duplicative of the issues raised by Plaintiffs' claims, the Court exercises its discretion not to entertain the DJA claim.  It is hereby

**ORDERED** that Plaintiff's Motion to Dismiss [Doc. # 22] is **GRANTED** and Defendants' First Amended Counterclaim [Doc. # 18] is **DISMISSED** without prejudice to any party's right to assert factual positions it can support with admissible evidence.

SIGNED at Houston, Texas, this **13th** day of **January, 2017.**

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE