

United States District Court
Southern District of Texas
**ENTERED**
November 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARRETT GABLE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2927 |
| | § | |
| NIKOU GROUP INVESTMENTS, | § | |
| INC., *et al.*, | § | |
|     Defendants. | § | |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion to Strike Defendants' Expert Designations ("Motion") [Doc. # 55] filed by Plaintiff Garrett Gable, to which Defendants Nikou Group Investments, Inc. and Reza M. Nikou filed a Response [Doc. # 56]. Plaintiff neither filed a reply nor requested an extension of the reply deadline. Having reviewed the record and the applicable legal authorities, the Court **denies** Plaintiff's Motion.

## I.    BACKGROUND

In August 2013, Plaintiff purchased a used 2007 Dodge Ram (the "Vehicle") from Defendants. In September 2016, Plaintiff filed this lawsuit alleging, *inter alia*, a violation of the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 37201 ("Odometer Act"). Plaintiff bases his Odometer Act claim on a CarFax report he obtained in August 2016.

Defendants seek to present opinion testimony from Andrew Fiffick, Matthew Gliniak Jr., and Reza Nikou. Plaintiff has moved to strike this testimony as inadmissible expert testimony pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).[1] Plaintiff asserts that these witnesses lack expertise in the area of odometer and title fraud, that their testimony is not the product of reliable methodology, and that their testimony will not assist – indeed, will actually confuse – the trier of fact. Plaintiff's Motion is ripe for decision.

## II. STANDARD FOR EXPERT TESTIMONY

Witnesses who are qualified by "knowledge, skill, experience, training or education" may present opinion testimony to the jury. FED. R. EVID. 702; *see, e.g., Whole Woman's Health v. Hellerstedt*, __ U.S. __, 136 S. Ct. 2292, 2316 (2016); *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) *(en banc)*; *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). To be admissible, an expert's proffered

---

[1] Additionally, Plaintiff moves to strike the expert designation and testimony of Chris Hill. Hill is an Assistant General Manager at Mannheim, Inc., the company that conducted the auction at which Defendants purchased the Vehicle. Defendants intend to offer non-expert testimony from Hill regarding the facts surrounding Mannheim's sale of the Vehicle to Defendants. Because Defendants are not offering opinion or other expert testimony from Hill, there is no basis to exclude his testimony under *Daubert* and *Kumho*.

testimony must be both relevant and reliable. *See Daubert*, 509 U.S. at 591-92; *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016).

The expert testimony must be relevant and the expert's proposed opinion must be one that would assist the trier of fact to understand or decide a fact in issue. *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 529 (5th Cir. 2015); *Bocanegra v. Vicar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) (citing *Daubert*, 509 U.S. at 591-92). "A party seeking to introduce expert testimony must show (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Huss*, 571 F.3d at 452 (citing *Smith v. Goodyear Tire & Rubber Co.,* 495 F.3d 224, 227 (5th Cir. 2007)); *see also Carlson*, 822 F.3d at 199.

"Reliability" requires that the proponent of the expert testimony must present some objective, independent validation of the expert's methodology. *See Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013). The objective of the Court's gatekeeper role is to ensure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 152; *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006).

The Court's gatekeeping role is no substitute, however, for the adversarial process. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596; *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 806 F.3d 835, 852 (5th Cir. 2015).

**III. ANALYSIS**

**A.    Andrew Fiffick**

Andrew Fiffick has provided an Inspection and Appraisal Report ("Fiffick Report"), Exh. A to Plaintiff's Motion. In the Fiffick Report, he offers his opinion that the odometer on the Vehicle has not been altered. Additionally, Fiffick addresses certain statements by Plaintiff's expert. Plaintiff argues that Fiffick's opinions should be excluded because he is not qualified in the area of odometer and title fraud, because his methodology is flawed and unreliable, and because he fails to make disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B).

Regarding Fiffick's qualifications, the record demonstrates that he is qualified through forty-two years experience in the automotive repair industry, including his ownership and operation of an automotive repair business in which he has personally worked on thousands of automobiles and has personally built more than sixty-five

vehicles. Fiffick has been an Automotive Service Excellence certified master automotive repair technician for thirty years, which includes training and testing on electrical and electronic systems in automobiles. The Court finds Fiffick to be qualified to provide opinion testimony consistent with his report.[2]

Fiffick's methodology regarding the condition of the Vehicle and the accuracy of the odometer reading at the time of purchase are sufficiently reliable. Fiffick conducted a physical inspection of the Vehicle, performed a road test of the Vehicle, and verified that the mileage stored in the Vehicle's computer system is the same as the mileage shown on the odometer. This methodology, particularly the comparison between the mileage shown on the odometer and that recorded on the Vehicle's computer system, is consistent with industry standard practice.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires a retained expert to provide a written report and to include the following information:

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

---

[2] The Court's practice is that the witness's report is not admitted into evidence as his testimony at trial but, instead, the witness presents his opinions through live or deposition testimony.

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(iv)-(vi). Fiffick has advised Plaintiff that he has not authored any publications in the prior 10 years, and that he has not testified at trial or deposition within the past four years. In compliance with the compensation disclosure required by paragraph (vi), Fiffick produced to Plaintiff a copy of his compensation agreement. Fiffick has complied with the requirements of Rule 26(a)(2)(B) and the request to strike his testimony on this basis is denied.

### B. Matthew Gliniak Jr.

Matthew Gliniak Jr. testified in his deposition regarding his experience with CarFax reports, including the report in this case. Based on his personal experience, Gliniak questions the accuracy of the CarFax report on the Vehicle. Additionally, Gliniak testified that, based on his knowledge and experience, the electronic odometers in vehicles today cannot be "rolled back" because the mileage is stored in the Vehicle's computer. Plaintiff argues that Gliniak's testimony should be stricken because he "lacks the relevant qualifications" and his testimony is not relevant because it lacks sound methodology.

Gliniak has over fifty years of experience as an automobile dealer, particularly in the field of "used automotive retailing."

Plaintiff complains that Gliniak's methodology is unreliable because he has never inspected the Vehicle at issue in this case. Gliniak's testimony regarding his lack of contact with the Vehicle, however, is relevant because Plaintiff has produced CarFax documents indicating that CarFax contacted Gliniak regarding the mileage on the Vehicle. Gliniak denies the contact from CarFax. He is not offering expert testimony regarding CarFax reports. Instead, he is questioning the accuracy of the CarFax report in this case based on the references to communications with him that he states did not occur.

Gliniak's testimony regarding the ability to alter the electronic odometer in vehicles where the mileage is recorded on the vehicle's computer is based on his extensive knowledge and experience with used vehicles, including those with an electronic odometer. He is providing his understanding of electronic odometer integrity based on his own personal knowledge and experience.

Defendants have demonstrated that Gliniak is qualified by knowledge and experience to testify in the form of an opinion. His reliance on years of experience and personal knowledge is reliable methodology for his opinion regarding the inability to alter an electronic odometer with mileage recorded on the Vehicle's computer

system. His testimony regarding CarFax reports is based on personal experience and is admissible to the extent it is not subject to any other objection at trial.[3]

### C. Reza Nikou

Nikou will offer testimony regarding valuation of the Vehicle. Plaintiff argues that the testimony should be stricken because Nikou is not qualified, he uses an improper methodology, and he is an interested party.

Nikou has twelve years of experience owning and managing a used automobile dealership. He has purchased and sold over 1,200 used automobiles. He has attended vehicle auctions, and has inspected hundreds of vehicles. He uses multiple sources to track the value of used vehicles. In this case, he used a computerized system known as a Mannheim Market Report to obtain an estimate of the Vehicle's value. Nikou's testimony regarding the value of the Vehicle when it was sold is based on this experience and the industry-recognized Mannheim Market Report.[4] Plaintiff's argument that Nikou cannot offer opinion testimony because he is a party is

---

[3] Gliniak was not specially retained to provide expert testimony in this case and, therefore, he does not need to comply with the requirements of Rule 26(a)(2)(B). The same applies to witness Reza Nikou.

[4] Plaintiff's argument that Nikou's valuation does not take an altered title into account in unavailing. It has not been established in this case that the title was improper, and neither Nikou nor any other defense witness is required to base his testimony on an assumption that the title was altered improperly. Plaintiff, of course, is entitled to cross-examine Nikou on this issue.

unsupported by any legal authority. Indeed, an expert witness's interest in helping the party who retained him is not, alone, enough to exclude his testimony. *See In re Mirant Corp.*, 334 B.R. 800, 814 (Bankr. N.D. Tex. 2005). The request to strike Nikou's testimony is denied.

## IV. <u>CONCLUSION AND ORDER</u>

Defendants have demonstrated that Andrew Fiffick, Matthew Gliniak Jr., and Reza Nikou are qualified to present the challenged opinion testimony in accordance with the Federal Rules of Evidence. Defendants are not offering opinion testimony from Chris Hill.

Plaintiff's disagreement with Defendants' evidence goes to the proper weight to be given the witnesses' opinions rather than to their admissibility. Should there be a trial, Plaintiff can cross-examine the witnesses and present evidence from which a jury could decide to reject the witnesses' opinions. The Court finds at this stage, however, that the challenged testimony is relevant, reliable, and likely to assist the trier of fact. As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Strike Defendants' Expert Designations [Doc. # 55] is **DENIED**.

SIGNED at Houston, Texas, this 27th day of **November, 2017.**

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE